

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CCO ENTERTAINMENT, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CCO ARENAS, LLC and STEPHEN HYMAN,<br><br>    Defendants.<br><br>STEPHEN HYMAN,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>RYAN COMPANIES US, INC., JEFFREY SMITH, JAMES R. RYAN and PATRICK RYAN,<br><br>    Third-Party Defendants. | No. 07 C 5033 |

## MEMORANDUM OPINION AND ORDER

Plaintiff and counter-defendant CCO Entertainment, LLC ("CCO Entertainment") and third-party defendants Ryan Companies US, Inc. ("Ryan"), Jeffrey Smith ("Smith"), James R. Ryan ("J. Ryan"), and Patrick Ryan ("P. Ryan") (collectively referred to as "movants") have moved to dismiss the sixth counterclaim/first third-party claim filed by defendant/counter-plaintiff/third-party plaintiff, Stephen Hyman. For the following reasons, the motion is granted in part.

I.

The following facts are alleged by Hyman. Hyman is a

professional who specializes in the development, design, construction, booking, management, operations, promotion, and consulting related to arena facilities. His arena consulting firm was called Galliard. Ryan is alleged to be a corporation engaging in real estate development. Smith, J. Ryan, and P. Ryan are alleged to be principals and officers of Ryan and later CCO Entertainment.

In or about January 2004, Smith approached Galliard about a proposed arena project in Hoffman Estates, Illinois. Between February 2004 and mid-December 2004, Hyman attended a number of meetings with the Village of Hoffman Estates, the proposed owner of the proposed arena (Jack Wilson), Mathew Reid, and Smith to dismiss the arena project. During this time period, Smith told Hyman that Ryan was looking to replace Wilson with Hyman as the proposed operator for the project. In response to this offer, Hyman told Smith that in order for him to leave his then-employment and to relocate his family, he wanted an ownership interest in the management company responsible for operating the new arena. At some point prior to December 2004, Wilson was removed as majority owner and operator of the arena. Meanwhile Smith, J. Ryan, and P. Ryan continued to communicate with Hyman about the construction and operation of the arena as well as his role in the venture. In January 2005, Ryan made a formal offer of partnership and employment to Hyman, which was memorialized in an Employment Offer

2

Document and Compensation Summary dated January 6, 2005.

Hyman now alleges that from June 2004 through January 2005, Ryan, "through its principals," made a number of misrepresentations to Hyman to induce him to leave his secure employment and relocate (hereinafter "induced employment" claim). Hyman alleges he detrimentally relied on these misrepresentations by accepting employment with Ryan, relocating his family, obtaining a large construction loan and commencing the construction of a home, procuring a contract for Ryan with Paciolan, a ticketing company, and negotiating and finalizing an arena management contract for CCO Entertainment to operate the arena, which now operates under the name of Sears Centre. Hyman also alleges that from "the last quarter of 2006 and the first part of 2007" Ryan made additional misrepresentations to him in order to induce him to remain an employee of CCO Entertainment (hereinafter "induced continued employment" claim). Hyman was subsequently terminated.

II.

In assessing movants' motion to dismiss under FED. R. CIV. P. 12(b)(6), I must accept all well-pleaded facts in the complaint as true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965 (May 21, 2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773,

776-77 (7th Cir. 2007). Moreover, under Rule 9(b), allegations of fraud are subject to heightened pleading requirements. FED. R. CIV. P. 9(b). Fraud must be pled with particularity and the complaint must allege the "who, what, when, where, and how" of the fraud. *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990).

III.

Movants move to dismiss on the grounds that the sixth counterclaim/first third-party claim fails to state a claim upon which relief can be granted and to allege fraud with particularity. In particular, movants argue Hyman has not identified actionable conduct with respect to the alleged promises made to induce employment or continued employment because these were only promises of future conduct. Movants also argue Hyman's employment agreement, which provides his employment could be terminated at-will by either party, rebuts Hyman's allegations of justifiable reliance with respect to his claim concerning inducement of continued employment.

To plead common law fraud in Illinois, a plaintiff must allege "(1) a false statement of material fact, (2) known or believed to be false by the party making it, (3) intent to induce the other party to act, (4) action by the other party in reliance on the truth of the statement, and (5) damage to the other party resulting from such reliance." *Soules v. Gen. Motors Corp.*, 79 Ill. 2d 282, 286, 402 N.E.2d 599, 601 (Ill. 1980) (citations omitted); *Addison*

4

v. *Distinctive Homes, Ltd.*, 359 Ill. App. 3d 997, 1000, 836 N.E.2d 88, 92 (Ill. App. Ct. 2005). In Illinois, a false representation as to a matter of intention or future conduct is not fraud. *Hayes v. Disque*, 401 Ill. 479, 488, 82 N.E.2d 350, 355 (Ill. 1948); *Chatham Surgicore, Ltd. v. Health Care Service Corp.*, 356 Ill. App. 3d 795, 804-05, 826 N.E.2d 970, 977-78 (Ill. App. Ct. 2005).

When the allegations in the counterclaims are taken in the best light to Hyman, in particular paragraph 163, they state a claim for fraud as to Hyman's induced employment claim. The misrepresentations identified by movants as promises of future conduct do not encompass all of the alleged misrepresentations contained in that paragraph. The additional alleged misrepresentations, which are not argued to be promises of future conduct, require that the motion to dismiss this counterclaim on this ground be denied.

Hyman has not stated a claim upon which relief can be granted with respect to his induced continued employment claim. In response to movants' argument that Hyman was an at-will employee (which he does not dispute), he argues his claim is based on the movants' misrepresentation of the financial status of the company, which induced him to stay. Such a claim is not supported by the allegations in the counterclaims, in that Hyman specifically admits that (1) "Ryan and CCO Entertainment expressed concern over cash flow and net losses and requested Hyman [] revise his 2007 budget

5

forecast," (compl. at ¶ 178), and (2) he was otherwise aware of the "difficulty in selling suites, club seats, loge boxes, and advertising because of the problems with the design of the facility and the inability to book certain popular shows." (Id. at ¶ 177). Finally, paragraph 179 of the complaint only provides that Hyman was assured "matters would work out and that [his] position as president of CCO Entertainment was secure and that they all supported him to continue as the operator of the arena." These purported statements concern Hyman's status as an employee and do not provide information about the company's cash flow, net operating losses, or concerns about attendance, as argued by Hyman. Accordingly, the motion to dismiss this claim is granted.

Finally, movants have also moved to dismiss the induced employment claim on the ground that fraud has not been pled with particularity. I agree, because (1) the complaint fails to specify how the alleged misrepresentations were communicated to Hyman; (2) which of the named principals (of Ryan or CCO Entertainment) made which alleged misrepresentation; (3) where exactly the misrepresentations were made; and (4) more specific dates or time frames when the different misrepresentations were made. *See Howell v. Joffe*, 483 F. Supp. 2d 659, 670 (N.D. Ill. 2007) (citing *Eromond v. Grant Auto Sales*, 351 F. Supp. 2d 825, 828 (N.D. Ill. 2004) ("The heightened standard requires more than an allegation that the fraud occurred sometime during a period of months or years.")).

Accordingly, the motion to dismiss on this ground is granted.

IV.

For the foregoing reasons, I grant the motion to dismiss the sixth counterclaim/first third-party claim. I decline to dismiss with prejudice and grant defendant/counter-plaintiff/third-party plaintiff 21 days to amend.

ENTER ORDER:

*Elaine E. Bucklo*

Elaine E. Bucklo
United States District Judge

Dated: March 28, 2008